UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br><br>    Plaintiff<br><br>        v.<br><br>ANDRES ROSADO JIMENEZ, MARILYN<br>RIVERA MORALES and the conjugal<br>partnership constituted by both,<br><br>    Defendants | CIVIL NO. 98-2292(RLA)<br><br>FORECLOSURE OF MORTGAGE |

ORDER FOR EXECUTION OF JUDGMENT

Upon motion filed by plaintiff herein, and it appearing from the records of this Court in the above mentioned case that the defendants referred to in the judgment entered by this Court were duly summoned and said defendants have failed to pay to the plaintiff the sums of money adjudged to be paid under said judgment:

And it appearing further that more than ten (10) days have elapsed from the entry of Judgment:

NOW, THEREFORE, the Court hereby orders the United States Marshal for this District to proceed forthwith and to sell at public auction to the highest bidder, the property referred to in said judgment and described herein below in the manner and form provided in said judgment and as herein further provided:

>   URBANA: Solar radicado en la URBANIZACION ALTURAS DE
>   BUCARABONES, situado en el Barrio Ortiz del termino
>   municipal de Toa Alta, Puerto Rico y contiene una casa

U.S. v. Andres Rosado Jimenez, et al
Civil No. 98-2292(RLA)
page 2

>residencial de concreto armado y bloques para una familia. Bloque y numero del solar: 3S-21: Area del solar: 279.45 metros cuadrados. En lindes por el Norte, en 27.00 metros con el solar 3S-22; por el Sur, en 27.00 metros, con el solar 3S-20; por el Este, en 10.35 metros, con el solar 3S-036; y por el Oeste, en 10.35 metros con la Calle No. 40. Afecto a una servidumbre de acceso para mantenimiento de 0.91 metros de ancho que discurre por su colindancia Norte a favor del solar 3S-22 conforme a las condiciones restrictivas impuestas para mantenimiento de la pared no-medianera sobre cuya pared no se podra construir ni intervenir la forma alguna por pertenecer exclusivamente al dueno del solar 3s-22.

Plaintiff's mortgage in the amount of $40,900.00 is recorded at page 76, of volume 297 of Toa Alta, property no. 14561, 1st inscription, at the Registry of the Property of Bayamon III.

Plaintiff's mortgage in the amount of $2,490.00 is recorded at page 77, of volume 297 of Toa Alta, property no. 14561, 2nd inscription, at the Registry of the Property of Bayamon III.

a) Said public sale shall be held at the office of the Marshal for Superior Court of Puerto Rico, Bayamon Part, in accordance with 28 U.S.C. 2001.

b) Notice of Sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper of general circulation in accordance with 28 U.S.C. 2002.

c) The amounts of $40,900.00 and $2,490.00 shall serve as the minimum bids for the first and second public sales. Should the first public sale fail to procure an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum

U.S. v. Andres Rosado Jimenez, et al
Civil No. 98-2292(RLA)
page 3

bid for the second sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as the minimum bid for the first public sale. Should there be no award or adjudication in this public sale the same may be awarded to the creditor for the amount of the debt if this is equal to or less than the amount of the minimum bid of the third auction, and crediting this amount to the amount owed if it is more.

      d) The United States Marshal shall not accept in payment of the property to be sold anything but United States currency or certified checks in his name, except in case the property is sold and adjudicated to the plaintiff, in which case the amount of the bid made by said plaintiff shall be credited and deducted from its credit; said plaintiff being bound to pay in cash or certified check only any excess of its bid over the secured indebtedness when remaining unsatisfied.

      e) All junior lien holders shall pay in cash or in certified check the total amount of previous liens, and any sum in excess of said previous liens shall be credited to their respective liens.

      f) The United States Marshal may, either personally or by some person designated by him to act in his name and his authority, adjourn the sale from time to time, without further publication,

U.S. v. Andres Rosado Jimenez, et al
Civil No. 98-2292(RLA)
page 4

but only by order of this Court.

    g) Upon the confirmation of said sale by this Court the United States Marshal shall execute and deliver a deed of conveyance of the property sold to the purchaser thereof.

    h) The purchaser shall be entitled to the delivery of the property sold and its physical possession and the United States Marshal may deliver said possession through the eviction of the occupant of the property without the need of any further order, in accordance with law.

    i) The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

    SO ORDERED in San Juan, Puerto Rico, this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE